IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 06-16-BLG-RFC |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING § 2255 MOTION |
| | ) | AND DENYING CERTIFICATE |
| ESAK FESSAHAYE ABRAHAM, | ) | OF APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |

This case comes before the Court on Defendant/Movant Esak Abraham's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## I. Background

On January 19, 2006, a grand jury indicted Abraham and nine other persons on one count of conspiring to possess with intent to distribute and to distribute more than 50 grams of cocaine base or 5 kilograms of cocaine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); one count of possession with intent to distribute over 5 kilograms of cocaine or over 50 grams of cocaine base, or aiding and abetting the

same, a violation of 21 U.S.C. § 841(a)(1) (Count 2); and, on a *Pinkerton* theory,[1] 31 other counts charging drug crimes and possession of a firearm in furtherance of drug trafficking. Indictment (doc. 1) at 1-14. A Second Superseding Indictment was eventually issued, charging 39 counts in all. Second Superseding Indictment (doc. 463) at 1-18.

On May 30, 2007, the parties filed a written plea agreement under seal. Abraham agreed to plead guilty to Count 1, the conspiracy count, and the United States agreed to dismiss the remaining thirty-eight counts. Plea Agreement (doc. 473) (under seal) at 2 ¶¶ 4-5, 3-4 ¶ 4.

On January 3, 2008, Abraham appeared in open court for a change of plea hearing. Minutes (doc. 518). Abraham admitted that the amount of cocaine base made during the period of the conspiracy for resale was over 50 grams. Change of Plea Tr. (doc. 553) (under seal) at 29:21-30:6. He denied that he distributed cocaine base, but he agreed that he distributed at least 5 kilograms of powder cocaine. *Id.* at 31:11-21. The United States asserted that it could establish, through co-conspirator testimony, that the conspiracy distributed "in excess of 1.5 kilograms of cocaine base

---

[1] *Pinkerton v. United States*, 326 U.S. 640, 647 (1946) ("If [the overt act element in a conspiracy charge] can be supplied by the act of one conspirator, we fail to see why the same or other acts in furtherance of the conspiracy are likewise not attributable to the others for the purpose of holding them responsible for the substantive offense.").

or crack or rock cocaine." *Id.* at 33:24-25. During the hearing, some confusion came to light regarding the terminology of cocaine base, powder cocaine, rock, and crack, but the matter was clarified and resolved, with Abraham admitting he was responsible for at least 5 kilograms of powder cocaine. Change of Plea Tr. (doc. 553) at 30:25-31:21.

On June 2, 2008, Abraham filed a Sentencing Memorandum, asserting that he did not supply crack to anyone and did not counsel or aid the conversion of powder cocaine into crack. He sought a base offense level of 26 based on distribution of a little more than 1.8 kilograms of powder cocaine. Sentencing Mem. (doc. 569) at 2, 5; Objections to Presentence Report (doc. 570) at 2 ¶ 4, 3 ¶ 6; Revised Objections (doc. 587) at 1-2, 3 ¶ 3.

A sentencing hearing was held on June 17, 2008. Abraham was held responsible only for the 5 kilograms of powder cocaine he admitted at his change of plea hearing. His base offense level under the advisory guidelines was 32. U.S.S.G. § 2D1.1(c)(4). He received a 2-level enhancement under U.S.S.G. § 3B1.1(c) and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 for a total adjusted offense level of 31. With a criminal history category of I, his advisory guideline range was 108-135 months. He faced a mandatory minimum of 120

months. 21 U.S.C. § 841(b)(1)(A)(ii)(II). Abraham was sentenced to serve 120 months in prison, to be followed by five years' supervised release. Minutes (doc. 588); Judgment (doc. 596) at 2-3.

Judgment was entered on June 20, 2008. Judgment at 1. Abraham did not appeal. His conviction became final on July 7, 2008. Fed. R. App. P. 4(b)(1)(A)(i). He timely filed his § 2255 motion on June 17, 2009. 28 U.S.C. § 2255(f)(1).

## II. Claim and Analysis

Abraham concedes two of his claims. He concedes that counsel understood the significant discrepancy in the quantity of powder cocaine the prosecution would have to prove and the quantity of crack cocaine it would have to prove to subject Abraham to the highest sentencing bracket, 21 U.S.C. § 841(b)(1)(A). Reply (doc. 750) at 2. He also concedes that counsel "testified she had concerns, based upon the *Pinkerton* theory advanced in the Second Superseding Indictment, that a jury could find Abraham responsible for crack cocaine, notwithstanding the fact he denied delivering any crack cocaine to his co-conspirators." *Id.* Abraham maintains that his guilty plea was invalid because counsel did not adequately advise him about the sentence he faced and, had she done so, there is a reasonable probability he would have gone to trial. *Id.* at 11.

The record, however, is replete with references to Abraham's knowledge of the sentence he faced. Counsel told him:

> Q. Okay. And prior to the change-of-plea hearing, did you advise Esak that he was subject to the mandatory minimum sentence of 120 months?
>
> A. I did. Yeah.

1 Strong Dep. at 26:9-12.

And I told him:

> The Court: Do you understand that by statute, unless certain conditions in this plea agreement are met, I'm required to impose a minimum sentence of at least ten years or 120 months?
>
> Abraham: Yes, I do.

Change of Plea Tr. at 8:2-6.

And he himself said so:

> Q. So all these conversations prior to changing your plea, did you have any discussions with Penny Strong regarding the mandatory minimum sentence for that conspiracy you were charged?
>
> A. Yeah. She told me that it was a mandatory minimum ten years.

Abraham Dep. (doc. 745) at 13:16-21.

Abraham admitted he was responsible for 5 kilograms of powder cocaine:

> The Court: Okay. Let me ask you this. Do you admit that you distributed at least 5 kilos of powder cocaine?

ORDER DENYING § 2255 MOTION AND DENYING
CERTIFICATE OF APPEALABILITY / PAGE 5

Abraham: Yeah.

Change of Plea Tr. at 30:25-31:21.

Ninth Circuit law holds that "gross mischaracterization of the likely outcome" at sentencing, "combined with . . . erroneous advice on the possible effects of going to trial," establishes deficient performance. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). Prejudice is established if there is a reasonable probability that, but for counsel's bad advice, the defendant would have pleaded guilty instead of going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Even assuming the dubious proposition that Abraham really thought he was going to be sentenced to less than 120 months, he has not shown a reasonable probability that he would have gone to trial had he been correctly advised.[2] He asserts:

> [H]ad Abraham known he was facing a mandatory minimum sentence of 120 months, he may well have chosen to take his case to trial and attempt to limit his exposure to the 1.8 kilograms of [powder] cocaine specifically identified in the Second Superseding Indictment . . . which would necessarily limit his base offense level and potentially allow him to receive a sentence below the mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A).

---

[2] The issue of whether postconviction relief is available to a defendant who stood trial instead of pleading guilty is currently before the United States Supreme Court. *See Lafler v. Cooper*, No. 10-209 (U.S. cert. granted Jan. 7, 2011), *Missouri v. Frye*, No. 10-444 (U.S. cert. granted Jan. 7, 2011). Both cases were argued on October 31, 2011. The analysis here assumes a claim will lie.

Reply at 11.

But Abraham identifies no evidence and no law that would have led competent counsel to change her recommendation as to the plea. *See Hill*, 474 U.S. at 59-60. If, as he concedes, counsel's concerns about *Pinkerton* liability were valid, then he faced not only the prospect of conviction for the powder but also all the crack as well as the gun alleged in the Second Superseding Indictment. Abraham pled guilty because counsel advised him of these facts and because she told him he could try to obtain a sentence of less than 120 months. There is no reasonable probability that he would have gone to trial if counsel had given him the same advice about trial while also telling him he might be lucky (for an entirely unexplained reason, given the *Pinkerton* concession) and avoid responsibility for crack, or he might be unlucky and be convicted of the crack and the firearm in addition to the powder. Because he identifies no basis for believing counsel was wrong about the strength of the prosecution's *Pinkerton* theory, his claim is denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes

"a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although there was good reason to appoint counsel, it is clear at this point that a reasonable jurist could not find a basis for relief under these circumstances. Abraham concedes the validity of the prosecution's *Pinkerton* theory. Given that, no reasonable person who was correctly advised that a mandatory minimum sentence of 120 months was the very lowest sentence he could hope for would choose to go to trial on an indictment alleging more than 67 grams of crack in addition to 1.8 kilograms of powder cocaine and possession of a firearm in furtherance of a drug trafficking crime. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Abraham's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 667) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Abraham files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 09-77-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against Abraham.

DATED this 12th day of December, 2011.

Richard F. Cebull, Chief Judge
United States District Court